```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**JAMES MICHAEL CLINTON**                                          **PLAINTIFF**

v.                    Civil No.: 5:10-cv-5108

**MAJOR RANDALL DENZER**
**and CPL. SANDERS**                                               **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the Court is Plaintiff's Complaint. (Doc. 1.) Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Id.) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a report and recommendation. For the following reasons it is the recommendation of the undersigned that the Complaint (Doc. 1), be **DISMISSED with prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

   **I.   BACKGROUND**

Defendants filed a Motion for Summary Judgment on November 10, 2010. (Doc. 15.) On November 15, 2010, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motion for Summary Judgment. (Doc. 18). Plaintiff was advised to return the Notice on or before

December 13, 2010.  (Id.)  Plaintiff has not returned the notice to the Court.  Mail was returned to the Court on November 29, 2010, as undeliverable, marked return to sender.  This mail included the Notice regarding response to the Motion for Summary Judgment.  However, on November 30, 2010, an Order was entered changing the address of Plaintiff and resending the Notice regarding the response to the Motion for Summary Judgment to Plaintiff's updated address of record. (Doc. 19).  Since the time Plaintiff's address was updated by the Court on November 30, 2010, no mail – including the resent Notice, has been returned.

**II.  APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir.

1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

**III.     DISCUSSION**

Plaintiff was given until December 13, 2010, to return his Notice to the Court.  ECF No. 19.  Plaintiff did not seek additional time beyond the December 13, 2010, deadline.  Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Notice since Plaintiff's address was updated on November 30, 2010.  Plaintiff was specifically cautioned in the Order directing him to complete the Notice that failure to return a completed Notice within the required time-frame could result in a summary dismissal of his case for failure to obey an order of the Court and failure to prosecute. (Id.)  Accordingly, it is the recommendation of the undersigned that this case is dismissed for failure to follow a Court order and failure to prosecute.

**IV.    CONCLUSION**

For the forgoing reasons it is the recommendation of the undersigned that the above-styled case, by and through the Complaint (Doc. 1), be **DISMISSED for failure to prosecute and failure to follow a Court Order**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections**

pursuant to 28 U.S.C. § 636 (b) (1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

IT IS SO ORDERED this 14th day of February 2011.

/s/ Erin L.  Setser
HON.  ERIN L.  SETSER
U.S.  MAGISTRATE JUDGE
